

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable Roger Thurmond
District Attorney
Sixty-Third Judicial District
Del Rio, Texas

Dear Sir:

Opinion No. 0-6331
Re: Salary of the County
Attorney of Maverick
County.

     Your letter of recent date requesting the opinion of this Department regarding the annual salary of the County Attorney of Maverick is, in part, as follows:

     "Please state me your opinion in regard to title 61, article 3883 maximum fees of office, as to whether or not a County Attorney, in a County of less than 25,000 inhabitants, can demand the maximum salary allowed under this statute, where all the County Officials enumerated are receiving the maximum benefits regardless of fees received in 1935, with the exception of the County Attorney. And whether or not in your opinion, if all such officials are so receiving the maximum benefits, with the exception of that as County Attorney, is this discriminatory, as to this office.

     "For your information this applies to the office of County Attorney in Maverick County, for which I have been asked for an opinion in this matter."

     Maverick County has a population of 10,071 inhabitants according to the 1940 Federal Census. The assessed valuation is less than $10,000,000.00 according to the last preceding approved tax roll of such County.

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Section 15, Article 3912e, Vernon's Annotated Civil Statutes, reads as follows:

"The Commissioners' Court in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census at the first regular meeting in January of each calendar year, may pass an order providing for compensation of all county and precinct officers on a salary basis. The Commissioners' Court in each of such counties is hereby authorized, and it shall be its duty, to fix the salaries of Criminal District Attorneys. In the event such Court passes such order they shall pay to each of said District and County officers in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935 and not more than the maximum allowed such officer under laws existing August 24th, 1935, and not more than the maximum amount allowed such officer under laws existing August 24th, 1935, provided, that in counties having a population of less than twenty thousand (20,000) inhabitants, according to the last preceding Federal Census, and having an assessed valuation in excess of Ten Million ($10,000,000.00) Dollars according to the last preceding approved tax roll of such county the maximum amount allowed such officers as salaries may be increased one (1%) per cent for each One Million ($1,000,000.00) Dollars valuation, or fractional part thereof, in excess of said Ten Million ($10,000,000.00) Dollars valuation over and above the maximum amount allowed such officers under laws existing on August 24, 1935; provided, however, no salaries covered by this Section shall exceed the sum of Four Thousand Five Hundred ($4,500.00) Dollars regardless of the percentage of increase in population and valuation and provided further that in all counties having a population of not less than twenty thousand and one (20,001) and not more than twenty-five thousand (25,000), according to the last preceding Federal Census, and which has an assessed valuation in excess of Twenty-five Million ($25,000,000.00) Dollars according to the last preceding approved tax roll of such counties, the county judge, sheriff, county attorney, assessor and collector of taxes, county clerk and district clerk, the maximum salary is hereby fixed at Three Thousand Seven Hundred and Fifty ($3,750.00) Dollars.

Honorable Roger Thurmond, Page 3

"The compensation of a Criminal District
Attorney, or County Attorney who performs the
duties of District Attorneys, together with the
compensation of his assistants, shall be paid out
of the County Officers' Salary Fund, but the State
shall pay into such Fund each year an amount equal
to a sum which bears the same proportion to the
total salary of such Criminal District Attorney,
or County Attorney performing the duties of a Dis-
trict Attorney, together with the salary of his
assistants, as all felony fees collected by such
official during the year of 1935 bear to the total
fees collected by such official during such year."
(Duplication of words "and not more than the maxi-
mum allowed such officer under laws existing August
24, 1935" appears in enrolled bill.)

As Maverick County has a population of less than twenty
thousand (20,000) inhabitants according to the 1940 Federal Census,
the foregoing provisions of Section 15 of Article 3912e are appli-
cable to said county.

The salaries of the County Officials of Maverick must be
determined and fixed in accordance with the provisions of Articles
3883, 3891 and Section 15, Article 3912e, as the Commissioners'
Court of said County has provided for the compensation of all County
Officers on a salary basis under the provisions of said Section 15.
(See the case of Nacogdoches Co. v. Winder, 140 S. W. (2d) 972).

This department held in Opinion No. 0-744 "There was no
provision of the statute guaranteeing the officer he should first
receive the amount allowed under the provisions of Article 3883,
so that the officer had to pay authorized expenditures out of the
funds coming into his hands, irrespective of whether the amount
mentioned in the Article was earned or collected. Therefore, the
total sum earned as compensation by him was the net total earned
after payment of his authorized expenses. The Legislature did not
stipulate 'earned by the office' but rather earned by him."

On December 3, 1937, this department held, in the
Opinion written by Honorable James N. North, Assistant Attorney
General, addressed to Mr. William J. Fanning, County Attorney,
Hopkins County, Texas, that in arriving at the correct minimum

Honorable Roger Thurmond, Page 4

to be paid county officers under the Salary Bill that the Court should consider the amount of fees earned and uncollected, as well as fees collected for the year 1935. This opinion further held that an ex officio salary paid to the officer for the year 1935 should be considered in arriving at the correct minimum to be paid such officer.

In view of the foregoing you are respectfully advised that it is the opinion of this department that the maximum salary of the county officials of Maverick County, named in Article 3912e, for the year 1935, cannot exceed the sum of $3,000.00 each. The minimum salary of the county officials of said county cannot be less than the total sum earned as compensation by said officers in their said official capacities for the fiscal year of 1935. Stated differently, the Commissioners' Court of said county is authorized by Section 15, Article 3912e, to fix the salaries of each of the county officials at not less than the total sum earned as compensation by each of said officers in their said official capacities for the fiscal year 1935 and not more than the maximum allowed such officers under laws existing August 24, 1935.

According to the information contained in your letter, it is apparent that all of the county officials of Maverick County, except the County Attorney, receive the maximum salaries allowed by law for their official services. We assume from the facts stated in your letter that the salary of the County Attorney is not less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year of 1935, but is not as much as the maximum salary allowed by law in Maverick County.

It is our opinion that it is wholly within the discretion of the Commissioners' Court in determining and fixing the salaries of county officials to determine the amount of compensation for each of said county officials provided the salary of each county official shall not be less than the total sum earned as compensation by said officer in his said official capacity for the fiscal year 1935, and not more than the maximum allowed such officer under laws existing August 24, 1935. The Commissioners' Court is not required to fix the salaries of the county officials at the same amount, but as heretofore stated, it is wholly within their discretion to determine and fix the salary of each of the said county officials at not less than the minimum nor more than the maximum, and that there is no discrimination when the salaries of such county officials are determined and fixed although some county officials receive a greater salary than others, provided, of course, the salaries of

such county officials are not less than the total sum earned as compensation by the said officers in their said official capacities for the fiscal year 1935, and not more than the maximum allowed such officers under laws existing August 24, 1935.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By *Ardell Williams*

Ardell Williams
Assistant

AW:fo

APPROVED JAN 8, 1945

FIRST ASSISTANT
ATTORNEY GENERAL



APPROVED
OPINION
COMMITTEE
BY BWB
CHAIRMAN